GRIFFIS, J.,
for the Court:
¶ 1. Rebuild America, Inc. filed suit in the Chancery Court of Hinds County to quiet and confirm tax title. Tim Norris filed his answer and a counterclaim to set aside the tax sale and confirm title. The chancellor found that the Hinds County Chancery Clerk had failed to provide the required notice to Norris. The chancellor denied Rebuild America’s claim to confirm the tax title and set aside the tax sale. On appeal, Rebuild America argues the chancellor was in error because the required notice was provided. We find no error and affirm.
FACTS
¶ 2. On December 22, 2005, Norris acquired the subject property by a warranty deed. At that time, Delta Foundation, Inc. had a lien on the property. Norris did not pay the 2005 ad valorem taxes on the property. On August 28, 2006, a tax sale was held, and Sass Muni purchased the property at the tax sale. The sale was certified by the chancery clerk, and it remained on file with the chancery clerk for the statutory redemption period of two years.
¶ 3. On May 29, 2008, the chancery clerk issued a notice of tax sale to the sheriff. The sheriff could not find Norris at the property, so the sheriff posted the notice on the door.
¶ 4. The chancery clerk then sent Norris notice by certified mail to the same address where the sheriff had posted the notice. Norris received the notice through the mail on June 6, 2008, and signed the return receipt. The chancery clerk signed an affidavit stating that he had made a diligent effort to locate Norris through the phone directory, tax directory, and other means.
¶ 5. On August 28, 2008, Norris had not redeemed the sale. Thus, the chancery clerk issued Sass Muni a tax deed to the property. On October 17, 2008, Sass Muni transferred the property to Rebuild America, Inc. through a quitclaim deed.
¶ 6. On October 22, 2008, Rebuild America initiated this action to quiet and confirm tax title. Norris answered and filed a counterclaim, where he asked the chancery court to declare the tax deed void. Norris filed a motion for summary judgment. A hearing was held on July 2, 2009. The chancery court concluded that the deed was void because the sheriff had failed to properly serve Norris the notice of the tax sale as required by Mississippi Code Annotated section 27-43-3 (Supp.2009).
STANDARD OF REVIEW
¶ 7. This Court maintains a limited review of a chancellor’s findings of fact. We will not reverse the factual findings of the chancellor when supported by substantial evidence unless the Court can say that the findings are manifestly wrong, clearly *501 erroneous, or amount to an abuse of discretion. Morgan v. West, 812 So.2d 987, 990 (¶ 7) (Miss.2002) (citation omitted). “In matters that are questions of law, this Court employs a de novo standard of review and will only reverse for an erroneous interpretation or application of the law.” Id. at (¶ 8) (citations omitted).
¶8. Further, when an appeal concerns property sold in a tax sale, this Court has held: “[s]tatutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners.” Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991). “Any deviation from the statutorily mandated procedure renders the sale void.” Roach v. Goebel, 856 So.2d 711, 716 (¶ 29) (Miss.Ct.App.2003) (citing Hart v. Catoe, 390 So.2d 1001, 1003 (Miss.1980)).
ANALYSIS
¶ 9. The issue on appeal is whether the chancery court erred in setting aside the tax sale. The chancellor found that “[p]osting notice on the door is not in compliance with the notice requirements of [section 27-43-3].” Rebuild America argues that the chancery court applied an incorrect legal standard in finding that the chancery clerk failed to follow the prescribed notice requirements of section 27-43-3. Norris responds that the chancery court applied the correct legal standard.
¶ 10. Section 27-43-3 provides:
The clerk shall issue the notice to the sheriff of the county of the reputed owner’s residence, if he be a resident of the State of Mississippi, and the sheriff shall be required to serve personal notice as summons issued from the courts are served, and make his return to the chancery clerk issuing same. The clerk shall also mail a copy of same to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of such property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in such county. Such publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.
[[Image here]]
The failure of the landowner to actually receive the notice herein required shall not render the title void, provided the clerk and sheriff have complied with the duties herein prescribed for them.
Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.
¶ 11. “Section 27-43-3 requires redemption notice be given by personal service, by mail, and by publication in an appropriate newspaper.” DeWeese Nelson Realty, Inc. v. Equity Servs. Co., 502 So.2d 310, 312 (Miss.1986). All three requirements must be met for the redemption notice to be complete and in accordance with the statute. Id.
¶ 12. In Viking Investments, LLC. v. Addison Body Shop, Inc., 931 So.2d 679 (Miss.Ct.App.2006), the deputy sheriff posted the notice of redemption to the landowner’s business, and the landowner later received notice of the expiration period by certified mail. On appeal, we found that “[p]osting a notice to the property when the intended recipient cannot be lo- *502 eated is clearly not one of the methods for perfecting personal service under Rule 4 [of the Mississippi Rules of Civil Procedure.]” Id. at 682 (¶ 8).
¶ 13. According to section 27-43-3, the sheriff is required to “serve personal notice as summons issued from the courts are served.” Rule 4(d)(1)(A)-(B) provides:
The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
(1) Upon an individual other than an unmarried infant or a mentally incompetent person, (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant’s usual place of abode with the defendant’s spouse or some other person of the defendant’s family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.
¶ 14. Here, the sheriff posted the notice on Norris’s door. Posting notice on the door is not a method for personal service of process under Rule 4. Accordingly, we find that Norris was not given proper notice of the expiration of the redemption period because the sheriff never personally served him the notice.
¶ 15. Further, the chancery clerk failed to provide proper notice to Delta Foundation, the lien holder of the property. Mississippi Code Annotated section 27-43-7 also requires that:
The notice shall be mailed to said lien-ors, if any, to the post-office address of the lienors, if such address is set forth in the instrument creating the lien, otherwise to the post-office address of said lienors, if actually known to the clerk, and if unknown to the clerk then addressed to the county site of the said county.
¶ 16. At the time notice was sent, Delta Foundation was the lien holder to the property. Upon review of the record, there is no evidence that the chancery clerk mailed notice to Delta Foundation. The chancellor did not address this issue in her judgment. Under section 27-43-7, the notice should have been mailed to the address of the current lien holder. As the supreme court held in Brown:
[T]he most important safeguard involving any person who stands to suffer from some official action is prior notice. This gives the recipient an opportunity to prepare himself and be heard. Notice, therefore, by far is the paramount factor and purpose of all process. This, however, is not the entire story. Certain statutory formalities attend every process....
Brown, 580 So.2d at 1237 (internal citations omitted).
¶ 17. We must strictly construe the notice statutes in favor of the landowners. Accordingly, we find that the chancellor did not err as a matter of law by voiding the tax sale to Sass Muni and voiding the subsequent conveyance to Rebuild America as the chancery clerk did not comply with the statutory notice requirements.
¶ 18. Also, in his brief, Norris asks this Court to require Rebuild America to pay reasonable attorney’s fees for defending *503 this allegedly frivolous appeal. We decline to do so.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.