# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01692-COA

| | |
|---|---|
| **CRAIG CLEVELAND** | **APPELLANT/CROSS-APPELLEE** |

v.

| | |
|---|---|
| **DEUTCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE FOR GSAMP MORTGAGE LOAN TRUST 2002-HE2** | **APPELLEE/CROSS-APPELLANT** |

| | |
|---|---|
| DATE OF JUDGMENT: | 10/27/2014 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | THOMAS ORVILLE COOLEY |
| ATTORNEYS FOR APPELLEE: | JASON ERIC FORTENBERRY |
| | ANNA COLEMAN SWEAT |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | GRANTED PARTIAL SUMMARY JUDGMENT IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED - 06/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1. This appeal stems from Craig Cleveland's action against Sinecure Investments LLC ("Sinecure") and S&S Properties LLC ("S&S") (collectively, "Sinecure") and Deutsche National Trust Company ("Deutsche Bank") to obtain clear title to real property in Prentiss County, Mississippi. Cleveland appeals the Prentiss County Chancery Court's judgment granting partial summary judgment in favor of Deutsche Bank and Sinecure, wherein the chancellor held: (1) Cleveland possessed standing to pursue the lawsuit; (2) the tax sale for

the property at issue was invalid as to the owner, and was therefore void ab initio; (3) the lien of Deutsche Bank against the subject property was not extinguished for its lack of action to protect or enforce its lien in connection with the disputed tax sale; and (4) the motion to compel discovery against Sinecure was dismissed as moot.

¶2.     Deutsche Bank cross-appeals, arguing that the chancellor erred in failing to grant its motion for summary judgment on its counterclaim that the tax sale was void as to Deutsche Bank due to the chancery clerk's failure to follow the statutorily prescribed procedures for giving and certifying notice to lienholders.  Finding no error, we affirm the chancellor's judgment.

## FACTS

¶3.     Kerrie McCarver Lewis ("Lewis") owned the following described property located in Prentiss County, Mississippi (hereinafter referred to as "the Property"):

Tract 1: INDEXING INSTRUCTIONS: NE 1/4 17-5-7

Part of the Northeast Quarter of Section 17, Township 5 South, Range 7 East, Prentiss County, Mississippi, described as follows:

Commencing at the Southwest corner of the East half of said Northeast Quarter and run thence North 1103.69 feet; thence West 203.63 feet to the Point of Beginning.  Run thence South 33 degrees 53 minutes East 449.68 feet; thence North 84 degrees 34 minutes 25 seconds East 253.2 feet; thence North 18 degrees 15 minutes 37 seconds West 563.89 feet; thence South 60 degrees 18 minutes 07 seconds West 375.75 feet to the Point of Beginning.  Containing 3.53 acres.

Tract 2: INDEXING INSTRUCTIONS: NE 1/4 17-5-7

Part of the Northeast Quarter of Section 17, Township 5 South, Range 7 East, Prentiss County, Mississippi, described as follows:

2

Commencing at the Southwest corner of the East half of said Northeast Quarter and run thence North 1289.85 feet; thence East 122.77 feet to the Point of Beginning. Run thence South 18 degrees 15 minutes 37 seconds East 563.89 feet; thence North 84 degrees 34 minutes 25 seconds East 52.32 feet; thence North 00 degrees 41 minutes 28 seconds West 656.56 feet; thence South 60 degrees 18 minutes 08 seconds West 254.25 feet to the Point of Beginning. Containing 2.01 acres.

¶4. Lewis and her husband, Jerry Lee Lewis, received a warranty deed for the above described property.[1] Lewis executed a deed of trust to Concorde Acceptance Corporation on February 24, 2000. On that same day, Concorde executed an assignment of the deed of trust. On January 20, 2010, the assignment of the deed of trust was executed by Mortgage Electronic Registration Systems Inc. to Deutsche Bank.

¶5. Pursuant to a mortgage agreement, Lewis was responsible for the property taxes and was required to submit receipts where she paid the yearly property taxes. In 2009, Lewis failed to pay her property taxes, and the Property was sold for the unpaid taxes on August 30, 2010, to Sinecure in the amount of $88.84. The Prentiss County Chancery Clerk issued a tax deed for the Property to Sinecure, and Sinecure recorded the tax deed on January 4, 2013.

¶6. The record reflects that prior to the tax sale, the Prentiss County Chancery Clerk attempted to notify Lewis of the tax sale and the expiration of the time for redemption, but no notice was actually provided to her, nor was notice directed to her in Tennessee, where Lewis eventually moved and was living at the time of the tax sale. The record reflects that prior to the tax sale and prior to the expiration of the redemption period, the Prentiss County Chancery Clerk sent Lewis a certified letter advising her of the tax sale, and the record shows

---

[1] Later, the property was deeded to Lewis only.

that the letter was returned and stamped "return to sender, not deliverable as addressed, unable to forward." Cleveland conceded below that the chancery clerk failed to send the notice of the August 30, 2012 expiration of the redemption period to Deutsche Bank within the 120-day window provided by Mississippi Code Annotated section 27-43-1 (Rev. 2010). Section 27-43-1 states: "The clerk of the chancery court shall, within one hundred eighty . . . days and not less than sixty . . . days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption[.]" *See also* Miss. Code Ann. § 27-43-5 (Rev. 2010) (chancery clerk possesses duty to provide notice of tax sale to lienholders). Due to the failure of the chancery clerk to comply with the required statutory notice, Deutsche Bank asserts that its lien survived the August 30, 2010 tax sale.

¶7. On June 27, 2012, since Deutsche Bank as lienholder failed to redeem the Property within the two-year redemption period, the chancery clerk issued a notice of forfeiture for the Property to Deutsche Bank, and the notice of forfeiture was sent to Deutsche Bank on July 6, 2012. The record shows that Deutsche Bank received this notice of forfeiture from the chancery clerk on July 10, 2012, with Francis Blackshear signing for its receipt. The redemption period expired on August 30, 2012.

¶8. In the summer of 2013, Cleveland noticed people living on the property in question, and contacted Lewis. Lewis was unaware of why anyone was on her property. Lewis transferred her right, title, and interest in the Property to Cleveland. Thereafter, Cleveland

4

took the steps necessary to obtain title to the Property.

¶9.    On September 16, 2013, Cleveland filed a petition against the purchaser of the property at the tax sale, Sinecure, to set aside the tax deed on the Property. Subsequently, on October 3, 2013, Sinecure filed a petition against Deutsche Bank to quiet and confirm its interest in the Property in a separate but related action. Sinecure advised Cleveland's counsel that Sinecure and Deutsche Bank had reached a settlement in this separate action involving the Property. Sinecure admits that in exchange for reasonable payment, Sinecure agreed to "sign off" on any relief Deutsche Bank intended to seek to set aside the subject tax sales.

¶10.    Cleveland filed a petition on February 26, 2014, requesting the chancellor to quiet and confirm title in his name and to declare him the fee-simple owner of the Property against all necessary parties. On June 23, 2014, Deutsche Bank answered the petition to quiet and confirm and made a counter-claim for a declaratory judgment that its lien remained intact as to the subject property and that Cleveland must take the property, if at all, subject to Deutsche Bank's lien.

¶11.    On June 30, 2014, Sinecure filed a motion to dismiss and sought a protective order in the cause. Sinecure argued that Cleveland lacked standing to challenge the tax sale based on his prior knowledge of the matured tax sale and the lack of the required "injury in fact." Sinecure also requested that the trial court issue a protective order that discovery not be had as to Sinecure due to annoyance, undue burden, or expense, stating that any request for discovery was irrelevant based on the agreement between Sinecure and Deutsche Bank to set aside the tax sale.

¶12. Cleveland responded to the motion on July 7, 2014, and filed a memorandum of law in opposition. At the same time, Cleveland also filed a motion to compel due to Sinecure's failure to answer discovery.

¶13. Deutsche Bank moved for summary judgment on August 7, 2014. Deutsche Bank claimed that the 2009 tax sale was void as to Deutsche Bank because the chancery clerk failed to follow the statutorily prescribed procedures for giving and certifying notice to lienholders; specifically, the notice of the expiration of the redemption period to Deutsche Bank was untimely. Deutsche Bank argues that the redemption period in this case expired on August 30, 2012. The record reflects that the certified mail receipt for the notice sent to Deutsche Bank shows that the notice was mailed to Deutsche Bank on July 6, 2012, only fifty-five days prior to the expiration of the redemption period, rather than the statutorily mandated sixty days as set forth in Mississippi Code Annotated section 27-43-1. Thereafter, Cleveland filed his response, claiming that Deutsche Bank admitted that it did in fact receive notice of the tax sale and the redemption period. Cleveland cites to Deutsche Bank's unanswered admissions as the basis for this assertion, claiming that unanswered admissions are deemed admitted. On August 14, 2014, the Prentiss County Chancery Clerk provided an affidavit stating: "From a review of my file, the dictates of . . . section 27-43-9 were followed and Deutsche Bank received sufficient notice under the law."

¶14. On September 2, 2014, the chancellor heard arguments for the motion to dismiss filed by Sinecure, the motion to compel filed by Cleveland, and the motion for summary judgment filed by Deutsche Bank. The chancellor issued a ruling on October 29, 2014, finding: (1)

Cleveland possessed standing to bring his lawsuits; (2) the tax sale was invalid as to the owner and therefore void ab initio; (3) Deutsche Bank's lien remained intact; and (3) the motion to compel discovery against Sinecure was dismissed as moot.

¶15. Cleveland filed this appeal, and Deutsche Bank also filed a cross-appeal.

## STANDARD OF REVIEW

¶16. When reviewing the grant or denial of a motion for summary judgment, this Court utilizes a de novo standard of review, and all evidence is examined in the light most favorable to the party against whom the motion was made. *Partin v. N. Miss. Med. Ctr. Inc.*, 929 So. 2d 924, 928 (¶13) (Miss. Ct. App. 2005); *see* M.R.C.P. 56(c). A party is entitled to summary judgment if no genuine issue of material fact exists, "and the moving party is entitled to [a] judgment as a matter of law." *McMillan v. Rodriguez*, 823 So. 2d 1173, 1177 (¶9) (Miss. 2002) (citation omitted).

¶17. We also acknowledge that we maintain "a limited review of a chancellor's findings of fact." *Rebuild Am. Inc. v. Norris*, 64 So. 3d 499, 500 (¶7) (Miss. Ct. App. 2010). "We will not reverse the factual findings of the chancellor when supported by substantial evidence unless the Court can say that the findings are manifestly wrong, clearly erroneous, or amount to an abuse of discretion." *Id*. at 500-01 (¶7).

## DISCUSSION

¶18. Cleveland argues that the chancellor erred in finding that Deutsche Bank's lien on the Property remained intact after the chancellor determined that notice to Lewis was defective. Cleveland maintains that Deutsche Bank failed to take any steps to protect or enforce its lien,

and as a result, the chancellor erred in finding that the lien was not extinguished.

¶19. When providing notice of a tax sale to a landowner or lienor, Mississippi Code Annotated section 27-43-1 mandates the following:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption[.]

¶20. In addition, Mississippi Code Annotated "[s]ection 27-43-3 [(Supp. 2009)] requires redemption notice be given by personal service, by mail, and by publication in an appropriate newspaper." *Rebuild Am.*, 64 So. 3d at 501 (¶11) (citing *DeWeese Nelson Realty Inc. v. Equity Servs. Co.*, 502 So. 2d 310, 312 (Miss. 1986)). "All three requirements must be met for the redemption notice to be complete and in accordance with the statute." *Id.*; *see also Tofino Holdings LLC v. Donnell & Sons LLC*, 119 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2012). Section 27-43-3 specifically states the following:

> The clerk shall issue the notice to the sheriff of the county of the reputed owner's residence, if he is a resident of the State of Mississippi, and the sheriff shall be required to serve notice as follows:
>
> > (a) Upon the reputed owner personally, if he can be found in the county after diligent search and inquiry, by handing him a true copy of the notice;
> >
> > (b) If the reputed owner cannot be found in the county after diligent search and inquiry, then by leaving a true copy of the notice at his usual place of abode with the spouse of the reputed owner or some other person who lives at his usual place of abode above the age of sixteen (16) years, and willing to receive the copy of the notice; or
> >
> > (c) If the reputed owner cannot be found after diligent search

8

and inquiry, and if no person above the age of sixteen (16) years who lives at his usual place of abode can be found at his usual place of abode who is willing to receive the copy of the notice, then by posting a true copy of the notice on a door of the reputed owner's usual place of abode.

The sheriff shall make his return to the chancery clerk issuing the notice. The clerk shall also mail a copy of the notice to the reputed owner at his usual street address, if it can be ascertained after diligent search and inquiry, or to his post-office address if only that can be ascertained, and he shall note such action on the tax sales record. The clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in the county. The publication shall be made at least forty-five (45) days prior to the expiration of the redemption period.

We recognize that precedent requires the notice statutes to be strictly construed in favor of the landowners, and "[a]ny deviation from the statutorily mandated procedure renders the sale void." *Rebuild Am.*, 64 So. 3d at 501 (¶8); *see also Brown v. Riley,* 580 So. 2d 1234, 1237 (Miss. 1991); *Moore v. Marathon Asset Mgmt. LLC*, 973 So. 2d 1017, 1021 (¶14) (Miss. Ct. App. 2008) (citation omitted).[2]

¶21. In its order partially granting summary judgment in favor of Deutsche Bank, the chancellor addressed the following: (1) Sinecure's motion to dismiss Cleveland's complaint against it; (2) Cleveland's motion to compel Sinecure to respond to interrogatories and requests for production of documents; and (3) Deutsche Bank's motion for summary judgment claiming that the tax sale was void as a result of improper notice. In so doing, the chancellor ruled that Cleveland indeed possessed standing to file the suit after finding that "it is sufficient in this instance that Cleveland obtained the interest of [Lewis], who was

---

[2] *See generally Carmadelle v. Custin*, 208 So. 2d 51, 54-55 (Miss. 1968).

9

injured by the sale in dispute and would have been able to bring a suit to attack the resulting tax title."

¶22. In addressing the lack-of-notice claim, the chancellor cited section 27-43-3, which requires redemption notice be given by personal service, by mail, and by publication in an appropriate newspaper. The chancellor explained that all three notice requirements set forth in section 27-4-3 must be met for the redemption notice to be complete and in accordance with the statute. The chancellor, applying sections 27-4-1 and 27-4-3, held as follows:

> It is undisputed that the sheriff made his return on June 30, 2012, indicating he was unable to personally serve [Lewis], and noted on the return that the residence was "vacant." Notice to [Lewis] was mailed by certified mail on June 22, 2012[,] to an address in Booneville[,] but was returned undelivered. All of the attempts to notify [Lewis] in Prentiss County were unsuccessful. Further, no affidavits were submitted which detail the clerk's efforts to locate [Lewis]. It is undisputed that notice was not directed to [Lewis] in Tennessee.

As a result, the chancellor held that "the tax deed is void because of a failure to comply with the statutory requirements in providing notice to [Lewis]."

¶23. The chancellor then entered an order holding that notice of the tax sale was invalid as to Lewis, and the chancellor found the tax sale was therefore void ab initio. The chancellor also determined that the lien of Deutsche Bank against the subject realty was not extinguished for its lack of action to protect or enforce its lien in connection with the disputed tax sale, and that the motion to compel discovery against Sinecure was dismissed as moot. We now turn to review the evidence in the record herein supporting the chancellor's findings regarding the tax sale.

¶24. The record before us reflects that in 2009, Lewis failed to pay her property taxes, and

10

the Property was sold for the unpaid taxes on August 30, 2010, to Sinecure in the amount of $88.84. The record further reflects that although the Prentiss County Chancery Clerk attempted to notify Lewis of the prior sale and also the expiration of the time for redemption, no notice was actually provided to her. The record shows that the Prentiss County Chancery Clerk sent Lewis a certified letter advising her of the tax sale, and the letter was returned and stamped "return to sender, not deliverable as addressed, unable to forward." The tax sale occurred on August 30, 2010, wherein Sinecure purchased the property. The Prentiss County Chancery Clerk issued a tax deed for the Property to Sinecure, and Sinecure recorded the deed on January 4, 2013.

¶25. Regarding Cleveland's argument that Deutsche Bank should be estopped from asserting its lien based on its failure to redeem the property after receiving proper notice, the chancellor, citing *Tofino Holdings*, 119 So. 3d at 359 (¶13), explained: "The general rule is that when there is a deficiency in notice to the record title holder, the tax sale is void and the tax deed should be set aside. The result is that the parties assume their positions [as] if the sale had not taken place." Accordingly, the chancellor held that "even if all other interested persons had received timely notice of the sale or opportunity for redemption, the failure to provide the mandated notice to the owner invalidates the sale in its entirety as to all interested persons."

¶26. In *Tofino Holdings*, 119 So. 3d at 361 (¶13), this Court found no error in the chancellor's decision to set aside a tax sale as void where "the chancery clerk failed to fully comply with the redemption notice requirements of sections 27-43-1 and 27-43-3." *See also*

11

*Rebuild Am.*, 64 So. 3d at 502 (¶¶14-17). After our review of the record and applicable law, we find no error in the chancellor's determination that the tax sale is void in its entirety due to the chancery clerk's failure to comply with the statutory requirements in providing notice to Lewis, the owner. When the owner fails to receive proper notice of a tax sale, the result is that "the parties are left where they [would have been]" if the sale had not taken place. *Hammett v. Johnson*, 624 So. 2d 58, 60 (Miss. 1993).

¶27. Additionally, in *SKL Investments Inc. v. American General Finance Inc.*, 22 So. 3d 1247, 1250 (¶10) (Miss. Ct. App. 2009), we held that "[i]t is clear that the failure to give proper notice to a lienholder renders that tax sale void as to that lienholder." We thus conclude that Deutsche Bank's lien remains unaffected by the tax sale. Jurisprudence clearly establishes that any deviation from the statutorily mandated procedures renders the sale void. *See Hart v. Catoe*, 390 So. 2d 1001, 1003 (Miss. 1980).

¶28. Furthermore, we also find no merit in Cleveland's argument asserting that Deutsche Bank should be equitably estopped from imposing its lien on the Property for failing to take any action to enforce the lien prior to the expiration of the redemption period. Upon review, we find no requirement that a lienholder under a recorded deed of trust is subject to equitable estoppel for merely delaying to exercise those rights. *See Stribling Bros. Corp. v. Euclid Memphis Sales*, 235 So. 2d 239, 243 (Miss. 1970) ("Since [the lender's] lien was of record it had a right to remain silent."); *Davis v. Butler*, 128 Miss. 847, 91 So. 279 (1922).

¶29. We next to turn to address Deutsche Bank's cross-appeal claiming that the chancellor erred in failing to grant its motion for summary judgment on its counterclaim that the tax sale

12

is void as to Deutsche Bank due to improper notice. Deutsche Bank argues that the redemption period in this case expired on August 30, 2012. The record reflects that the certified-mail receipt for the notice sent to Deutsche Bank shows that the notice was mailed to Deutsche Bank on July 6, 2012, only fifty-five days prior to the expiration of the redemption period. As stated previously, the time mandated for notifying owners and lienors is "one hundred eighty days and *not less than sixty days* prior to the expiration of the time of redemption with respect to land sold." Miss. Code Ann. § 27-43-1 (emphasis added); *see also* Miss. Code Ann. § 27-43-5 (chancery clerk possesses duty to provide notice of tax sale to lienholders). In reviewing the chancellor's order, we find that the chancellor made no explicit findings regarding whether Deutsche Bank received proper statutory notice of the tax sale. However, the chancellor explained that "the court's finding with regard to the invalidity of the sale obviates the need to address this issue." The chancellor also stated that "the court finds that even if all other interested persons had received timely notice of the sale or opportunity for redemption, the failure to provide the mandated notice to the owner invalidates the sale in its entirety as to all persons."[3] At oral argument, Cleveland conceded that notice to both Lewis and Deutsche Bank was improper. We find no error in the chancellor's determination that the tax sale was void ab initio based on the failure to provide

---

[3] The supreme court has acknowledged the importance of prior notice and and the public policy regarding protecting landowners from loss by its sale for taxes. *See Brown*, 580 So. 2d at 1237 ("[T]he most important safeguard involving any person who stands to suffer from some official action is prior notice."); *DeWeese*, 502 So. 2d at 314; *see also Hart*, 390 So. 2d at 1003 ("The requirements of the statute as to the service and proof of service of the notice required to terminate an owner's right to redeem from a tax sale [must] be strictly followed."); *Carmadelle*, 208 So. 2d at 54-55.

13

proper statutory notice to Lewis, and upon determining the tax sale void, we, like the chancellor, find no existing controversy regarding notice. We decline therefore to address this issue, finding it moot, and we decline to address the issue of whether Cleveland's discovery requests to Sinecure were moot.[4]

¶30.  **THE JUDGMENT OF THE PRENTISS COUNTY CHANCERY COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT/CROSS-APPELLEE.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, FAIR AND GREENLEE, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES AND WILSON, JJ., NOT PARTICIPATING.**

---

[4] Regarding the court's duty "to decide actual controversies . . . and not to give opinions upon moot questions," see *Keeton v. Robinson*, 144 Miss. 899, 110 So. 839, 839 (1927).