WINSTEAD v. WINSTEAD.

In Banc. Dec. 31, 1948.

(38 So. (2d) 118)

788

W. T. Wier, for appellant.

McCraw & Moore, for appellee.

Alexander, J.

Appellant, as complainant, filed his bill alleging ownership of "Lot 2 less Highway 19, Sec. 12, Township 9 North, Range 12 East, in Neshoba County" together with other lands. He alleges trespass by the defendant, appellee here, together with damages arising from the cutting of timber thereon, injunction and an accounting.

The defendant by his answer denied the allegations of the bill and filed a cross-bill asserting ownership of "two acres in the northeast corner of Lot 2," etc., describing same. He prays for cancellation of complainant's title evidenced by a patent from the State of Mis-

sissippi and removal of such claim as a cloud upon defendant's title. Defendant asserts record title thereto supported by adverse possession and prays for injunction. From a decree canceling complainant's title to the two acre tract and awarding injunction against molestation by the complainant he appeals.

We do not resolve the conflict as to the respective claims of adverse possession. On this point the record is rather vague as to the location of the several boundary lines. Our concern is with the validity and effect of complainant's patent. This forfeited tax land patent was executed October 6, 1941, and conveyed to complainant "Lot 2 less H. W. No. 19 (Lot 2) (37a)" in Section 12, Township 9, Range 12 East in Neshoba County with other lands. It is regular on its face. Complainant testified without contradiction that the lands had been sold to the State "for 1932 taxes."

The defendant asserts in his pleadings a common source of title. He claims record title by deed from W. D. Hitt and wife, dated November 6, 1915, and title by adverse possession since 1916. He seeks to support the latter claim by tax receipts dated from 1931 up to and including 1947. He further claims that the sale to the State for delinquent taxes was void because the taxes had been paid thereon. The tax receipts for the years 1931 to 1942 inclusive describe lands at "2@Lot 2" etc. Thereafter the description is "2 @ S. E. cor. Lot 2," etc.

The record does not show the description by which the land was assessed and under which it was originally sold to the State. The presumption of validity of the purchase by the State and the regularity of its patent must sustain complainant's claim.

The effect of the sale to the State upon the running of the statute of limitations and its breach of the continuity of adverse possession was not adequately taken into account. Regardless of the extent and quality of defendant's adverse possession its period was tolled by sale to the State for taxes. Harris v. Lollar, Miss.,

17 So. (2d) 325; See 2 C. J. S., Adverse Possession, Sec. 152 (E). Compare Douglas v. Skelly Oil Co., Miss., 28 So. (2d) 227. It will be seen, therefore, that the defendant was remanded to the period following the sale to the State on which to build up his prescriptive title.

██ Since the title was in the State prior to the patent and in complainant under its patent in 1941, dispossession by adverse user could not be established.

We find the learned Chancellor in error in cancelling complainant's patent as to the two acres in Lot 2. The cause will be reversed and remanded so that such adjustment of the rights of complainant may be made as he is advised is just and proper.

Reversed and remanded.