BANKS, Justice,
for the Court:
Hal Hammett contends the Tishomingo County Chancery Court erred in setting aside a tax deed to a parcel for which the appellant paid the 1984 ad valorem taxes. C. Martin Johnson, record holder of title, responds that he was never properly notified that tax title would be conveyed and was therefore never provided the opportunity to redeem. We agree, but we also conclude that the trial court judgment to the effect that Hammett has no interest in the property in question is in error. We affirm in part, reverse in part and remand with directions.
I
Hammett purchased property situated in Tishomingo County described as “part of the Northwest Quarter of Section 1, Township 7, Range 10” on August 26,1985, for the unpaid 1984 ad valorem taxes due on the property. Prior to the tax sale, the property was assessed to Merle Strickland. The property consisted of two parcels, one a half-acre and the other 0.086 acres. Mrs. Strickland died in May of 1983.
By a warranty deed dated July 10, 1984, and recorded with the Tishomingo County Chancery Clerk on August 20,1984, the heirs of Merle Strickland conveyed the two parcels to Martin Johnson and his wife. Prior to the instant action, Johnson’s wife died. Under the provisions of the deed the Strickland heirs were to be responsible for one-half of the 1984 taxes and Johnson for the other half. The Strickland hems paid half the 1984 taxes on the half acre parcel and the John-sons paid the other half, while taxes on the other parcel remained unpaid. It was therefore subject to Hammett’s purchase for taxes in August 1985.
*59 Hammett, subsequently, paid the 1985 ad valorem taxes on the property on April 2, 1986. However, Johnson had paid the 1985 taxes on the same property on January 6, 1986. In 1987, Hammett attempted to pay the 1986 ad valorem taxes. A deputy clerk refused to accept payment, however, and informed Hammett that the taxes had been paid by Johnson.
In November 1987, the chancery clerk issued a tax deed to Hammett pursuant to the provisions of Miss.Code Ann. § 27-45-23 (1972). Prior to doing so and in an attempt to comply with the provisions of Miss.Code Ann. § 27-45-1 and § 27-45-3 (Supp.1992), the chancery clerk issued a summons for Merle Strickland and published notice to Merle Strickland. There is no return of the summons. No attempt was made to notify Johnson, the record owner of the property since 1984. The clerk testified that he ran an abstract of the property five years back from 1984 in order to ascertain the record owner. No explanation is given why the period between 1984 and 1987 was not searched.
Johnson continued to pay taxes on the property. In March 1989, Hammett brought suit to confirm his title and oust Johnson from both parcels Johnson acquired from Strickland. Johnson answered by asserting that the one-half acre parcel could not have been acquired by Hammett because all taxes had been paid. Johnson contended further that the remaining .086 acre parcel was inaccurately assessed, that it was insufficiently described in the tax deed and that he received no notice as required by law. For all of these reasons, Johnson prayed that the tax deed be set aside.
The Chancellor, after hearing the evidence, concluded that the tax deed should be set aside for the reason that it contained an inadequate description and because Johnson was not properly notified prior to its issuance. The court issued a decree to this effect which declared that all claims of Hammett as to the parcels in question were held for naught. Hammett appeals to this court raising a number of issues. The dispositive issue is the failure of the chancery clerk to give proper notice.
II
The chancery clerk is required to “within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption ... issue notice to the record owner of land [that title will become absolute pursuant to a previous sale for taxes unless redemption is made within the time prescribed].” Miss. Code Ann. § 27-43-1 (Supp.1992). The manner of delivery of notice is prescribed in Miss.Code Ann. § 27-43-3 (Supp.1992). That section provides that if the record owner is a Mississippi resident, the clerk shall notify the sheriff, who is to serve personal notice on the record holder by summons. The clerk is also directed to give notice by mail at the street address of the reputed record owner. Finally, the clerk is required to give notice by publication. Moreover, if the record owner is not found by the sheriff or, in the ease of a non-resident, certified mail is returned undelivered, the clerk shall make an affidavit to that effect and specify the acts of search and inquiry for a correct address.
In the instant ease, it is clear that the chancery clerk did none of these things with respect to the record owner of the property in question. This is not a case where the record owner received actual notice. See DeWeese Nelson Realty, Inc. v. Equity Services Co., 502 So.2d 310, 314 (Miss.1986). Nor can it be said that the chancery clerk exercised due diligence to ascertain the record owner where the record owner is clearly reflected in the land records of the chancery clerk. See Rains v. Teague, 377 So.2d 924, 926-27 (Miss.1979). It follows that the tax deed issued pursuant to this defective process is void. Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991).
Ill
Hammett asks the court to find that he is entitled to reimbursement, interest, penalties and attorney’s fees. Hammett cites no authority for the latter, and we find none. As to his other contentions, there is merit.
*60 Hammett prayed for confirmation of title. The chancery court was correct in denying that relief. The decree went further, however, and declared that Hammett has no interest whatever in the parcels in question. Hammett bought the .086 acre parcel for taxes in 1985. No redemption has been made. Upon proper notice he is entitled to a tax deed for this parcel should Johnson fail to pay the 1984 taxes, plus penalty and interest as prescribed by statute.
It is suggested that Hammett failed to pray for this relief. While that is true, as we read the decree of the chancery court, no fault is found with the manner in which Hammett acquired the tax title. Miss.Code Ann. § 27-41-79 (1972). The question is whether that title became absolute. We hold that it did not for failure of proper notice. As a result, the parties are left where they were. The property has not been redeemed. Johnson has now received actual notice of that fact. We remand to the chancery court for entry of a decree giving Johnson a time certain in which to redeem the .086 acre tract, not to exceed 60 days from the issuance of the mandate from this Court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, McRAE, ROBERTS and SMITH, JJ., concur.