United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2006

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals*

*for the Fifth Circuit*

No. 05-60357
Summary Calendar

MABEL JOHNSON,

Plaintiff - Appellant,

v.

DELTA HOUSING DEVELOPMENT CORPORATION; HERMAN M. JOHNSON, Individually and as Agents of Delta Housing Development Corporation; ALFREDTA T. JOHNSON, Individually and as Agents of Delta Housing Development Corporation; CLANTON BEAMON, Individually and as Agents of Delta Housing Development Corporation; ELMO HICKINGBOTTOM, Individually and as Agents of Delta Housing Development Corporation; EDDIE PORTER, Individually and as Agents of Delta Housing Development Corporation; LOUISE STAMPS, Individually and as Agents of Delta Housing Development Corporation; M. B. REESE, Individually and as Agents of Delta Housing Development Corporation; LINDA TUCKER, Individually and as Agents of Delta Housing Development Corporation; ET AL.; UNITED STATES OF AMERICA,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:01-cv-00147

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This case involves a property dispute and a claim of adverse possession. The land at issue is part of a recently built housing subdivision. The subdivision was built on land adjacent to property owned by the appellant, Mabel Johnson. Johnson claims she has adversely possessed the strip of land adjacent to her property, on which part of the housing subdivision now sits. The district court rejected Johnson's claim of adverse possession and entered summary judgment for the appellees. Reviewing the summary judgment *de novo* and applying the same standards as the district court, we affirm.[2]

The district court rejected Johnson's claim of adverse possession because the land at issue had been sold for delinquent taxes in 1988. The district court properly concluded that under Mississippi law, the tax sale extinguished any claim of adverse possession.[3] On

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]*See Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 237 (5th Cir. 2006) ("This Court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court.").

[3]*See, e.g., Cotton v. Cotton*, 35 So. 2d 61, 63 (Miss. 1948) (holding that the period of adverse possession was interrupted by a tax sale, and because the property had not been redeemed within the time permitted by law, "the statute of limitation could not again begin to run until the land became the subject of private ownership . . . , less than ten years prior to the filing of this suit"); *Winstead v. Winstead*, 38 So. 2d 118, 119 (Miss. 1948) (noting that "[r]egardless of the extent and quality of defendant's adverse possession[,] its period was tolled by sale to the State for taxes"); *Harris v. Lollar*, 17 So. 2d 325, 325 (Miss. 1944) (holding that the "title by adverse possession . . . disappeared when the land was sold for taxes"); *cf. Douglas v. Skelly Oil Co.*, 28 So. 2d 227, 230 (Miss. 1946) (holding that a tax sale did not interrupt the period of adverse possession because the property was "redeemed within the time required by law, pending which time the State held only the inchoate title without the right of possession and subject to the right of redemption").

appeal, Johnson argues that she paid taxes on the land at issue, and therefore it could not have been included in the tax sale. The only evidence in support of Johnson's argument is an aerial photograph and a statement by the county tax collector regarding that photograph.[4] That evidence was excluded by the district court,[5] and we cannot conclude that the district court abused its discretion by excluding the evidence.[6]

Johnson also argues that the record owners of the property attempted to confirm the tax title without giving her notice, even though they constructively knew she occupied the land, and therefore the order confirming the tax title is void. This argument does not aid Johnson's adverse possession claim. Assuming the proceeding to confirm the tax title is void, the remedy would be a new proceeding to confirm the title, in which Johnson would participate[7] and could assert the invalidity of the tax title.[8] Yet Johnson has participated in this proceeding. Her claim against the invalidity of the tax sale has been rejected, her claim of adverse possession has been rejected and the overlap between her deed and the appellee's

---

[4]On appeal, Johnson has submitted another affidavit in support of her claim that she paid taxes on the land at issue. We do not consider this newly created affidavit because it was not first presented to the district court. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996) (refusing to consider an affidavit not made part of the summary judgment record in the district court).

[5]*See* FED. R. CIV. P. 56(e) ("[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

[6]*See Pedraza v. Jones*, 71 F.3d 194, 197 (5th Cir. 1995) ("A district court's decision to strike either expert or lay opinion testimony is subject to review under an abuse of discretion standard.").

[7]*See Lamar Life Ins. Co. v. Billups*, 169 So. 32, 35 (Miss. 1936).

[8]*See Leech v. Masonite Corp.*, 68 So. 2d 297, 300 (Miss. 1953).

deed has been resolved in her favor. Accordingly, there is no need for a new proceeding and her argument is of no avail.

Finally, Johnson argues that even if the land was validly sold for delinquent taxes in 1988, she has since established ownership by adverse possession. This argument lacks merit. The ten-year limitations period for adverse possession[9] is interrupted if a suit is filed "'before the expiration of the ten-year period'" or if there is "'a physical interruption of the adverse possession, or some unequivocal asserting of the claimant's rights, which would enable the person in possession to institute legal proceedings in trespass or otherwise to prevent acts of ownership.'"[10] An "unequivocal assertion of the claimant's rights" was made before the limitations period expired. In 1997, Johnson sought a temporary restraining order and an injunction against the appellees' "land development operations" on her property. In response, the appellees claimed ownership of the land at issue, including all land covered by their deed. This assertion of ownership was sufficient to toll the limitations period, which had not reached ten years. Johnson's claim of adverse possession was properly rejected. For these reasons, the district court's summary judgment is AFFIRMED.

---

[9]MISS. CODE ANN. § 15-1-13 (1972) (setting forth a ten-year limitations period for adverse possession).

[10]*Batson v. Smith*, 51 So. 2d 749, 752 (Miss. 1951) (quoting *Daniels v. Jordan*, 134 So. 903, 904 (Miss. 1931)); *see also Biddix v. McConnell*, 911 So. 2d 468, 477 (Miss. 2005).