IRVING, P.J.,
for the Court:
¶ 1. On April 28, 2009, Donnell and Sons LLC (Donnell) filed a complaint to set aside a conveyance of real property to Tofino Holdings LLC (Tofino). Tofino had acquired the property in a tax sale. Following a hearing on the matter, the Marion County Chancery Court found that the attempt of Donnell’s predecessor in title— The First, a National Banking Association (the Bank) — to redeem the property, along with the chancery court clerk’s failure to comply with the notice requirements of Mississippi Code Annotated section 27-43-3 (Rev.2010), warranted setting aside the tax deed to Tofino.
¶2. Feeling aggrieved, Tofino appeals and argues that the chancery court erred in its interpretation and application of the statutory notice requirements. We find that the chancery clerk did not follow the statutory notice requirements. We also find that the Bank’s payment of the amount that the tax collector advised would be needed to redeem the property from all prior tax sales and past-due taxes constituted a timely and legal redemption of the property from sale for past-taxes, although there was an error in the amount tendered through no fault of the Bank. Therefore, we affirm the chancery court’s judgment and remand the case to the chancery court for further proceedings consistent with this opinion.
FACTS
¶ 3. Todd Phillips Investments Inc. (Phillips) owned three parcels of land in Marion County, Mississippi: a metes-and-bounds parcel and Lots C8 and C9 of the Bellewood Park Subdivision. Because all three parcels had the same owner, the Marion County Tax Assessor combined the three parcels into one.
¶ 4. Lot C9, along with the other two parcels, had been conveyed to Phillips via warranty deed from Brett Jones on May 26, 2004. The deed stated that the 2004 ad valorem taxes were to be prorated between Phillips and Jones. However, the 2004 ad valorem taxes on lot C9 were not paid. Accordingly, the tax assessor scheduled a tax sale of the property for August 29, 2005. The sale was postponed as a result of Hurricane Katrina and later held on September 26, 2005. Tofino purchased the property at the tax sale for $174.42.
*360 ¶ 5. Phillips declared bankruptcy on September 8, 2006. On May 10, 2007, the Bank, which held a secured interest in the metes-and-bounds parcel, Lot C8, and Lot C9 in the form of a deed of trust, purchased the properties at a credit bid held by the bankruptcy trustee. On May 23, 2007, the trustee conveyed all three properties to the Bank via a trustee’s deed. The deed was recorded on May 25, 2007, and purported to convey the properties free of any liens, interests, encumbrances, or claims. However, the deed also expressly stated that it was prepared “without the benefit of a title examination.”
¶ 6. Following its acquisition, the Bank attempted to pay the outstanding taxes on the properties. The Bank contacted the tax collector’s office and obtained the amount of taxes due for 2004, 2005, and 2006. However, the tax collector’s office neglected to inform the Bank of the outstanding taxes for 2004 due on Lot C9.[1]
¶ 7. On April 23, 2008, the Bank conveyed the property via special warranty deed to Donnell. The deed was recorded on the same day. This deed was also prepared without a title examination. At some point following the sale, Donnell discovered that Lot C9 had been previously sold in a tax sale to Tofino, which prompted him to file the instant action.
¶ 8. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. An appellate court will not disturb the chancery court’s factual findings unless such findings are manifestly wrong, clearly erroneous, or the chancery court applied an erroneous legal standard. Reed v. Florimonte, 987 So.2d 967, 971 (¶ 11) (Miss.2008).
¶ 10. Tofino argues that the chancery court erred in its interpretation and application of the notice requirements of Mississippi Code Annotated section 27-43-1 (Rev.2010). Section 27-43-1 provides, in pertinent part:
The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of 180 days prior to the expiration of the time of redemption [.]
(Emphasis added). Redemption notice must be given in accordance with the procedures set forth in section 27-43-3. Section 27-43-3 requires that the redemption notice be given to the reputed owner in three ways: (1) personal service delivered by the sheriff, (2) registered or certified mail, and (3) publication in the appropriate newspaper.
¶ 11. In this case, the redemption period expired on September 26, 2007.[2] Under section 27-43-1, the record owner was entitled to notice no sooner than 180 days prior to the expiration of the redemption period and no later than 60 days before that date. Arguably, Phillips may not *361 have been the record owner of the property 180 days before the expiration of the redemption period.[3] Nevertheless, the chancery clerk sent Phillips a notice of forfeiture on April 2, 2007, via certified mail and received a return receipt.[4] On May 10, 2007, the Bank purchased the property at a credit bid held by the bankruptcy trustee. The trustee’s deed was recorded on May 25, 2007. On August 1, 2007, the chancery clerk mailed a second notice of forfeiture to Phillips. Additionally, the sheriff personally served the notice on Phillips on August 16, 2007.
¶ 12. Tofino argues that under the plain language of section 27-43-1, only the owner of record title as of 180 days prior to the expiration of the redemption period is entitled to notice. We need not decide this question for two reasons. First, there is no record of Phillips being personally served by the Sheriff of Marion County between March 25, 2007, and July 25, 2007, as required by sections 27-43-1 and 27-43-3. The personal service by the sheriff on August 16, 2007, was within sixty days of the expiration of the period of redemption. Therefore, even if Phillips were the record owner on the 180th day (March 25, 2007) prior to the expiration of the period of redemption, service on Phillips did not comport with the requirements of sections 27-43-1 and 27-43-3. Second, we find that the Bank was the record owner of the property for four months prior to the expiration of the period of redemption and that prior to the expiration of the period of redemption it paid $21,197.58 to redeem the property from all prior tax sales and delinquent taxes. This was the exact amount that the tax collector advised was due. The evidence adduced before the chancery court establishes that had the Bank been advised of a different amount, it was ready, willing, and able to pay it and would have tendered that amount. Specifically, the Bank stated that had it been told that taxes owed on the property for 2004 had not been paid, it would have tendered that amount also.
¶ 13. Because the chancery clerk failed to fully comply with the redemption notice requirements of sections 27-43-1 and 27-43-3, the chancery court did not err in setting aside the tax sale as void. Therefore, we affirm the chancery court’s judgment. However, because of an error or oversight on the part of the tax collector in computing the taxes owed, we remand this case to the chancery court for a proper computation of the taxes owed for 2004. Donnell shall be required to pay that amount.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF MARION COUNTY IS AFFIRMED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON AND FAIR, JJ., NOT PARTICIPATING.

. As stated the tax assessor combined the parcels into one parcel due to common ownership. However, this combination did not occur until 2005. In 2004, the parcels were taxed separately.

. The tax sale took place on September 26, 2005. In Mississippi, the owner of property sold in a tax sale may redeem the property “at any time within two (2) years after the day of [the] sale.” Miss.Code. Ann. § 27-45-3 (Rev.2010). Therefore, Phillips’s right to redeem Lot C9 expired on September 26, 2007 — two years after the tax sale.

. March 30, 2007, was 180 days prior to September 26, 2007. At this time, title to the subject property was vested in the Chapter 11 Bankruptcy Trustee, because, as noted, Phillips was in bankruptcy.

. No notice was sent to the Chapter 11 Bankruptcy Trustee.