# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01011-COA

**JERMILLE JOHNSON**                                           **APPELLANT**

**v.**

**ELIZABETH CLEVELAND, JOHNNY BRIDGES,**           **APPELLEES**
**RAY F. BUTLER, RAYMOND W. HILL, BOARD**
**OF SUPERVISORS OF HARRISON COUNTY,**
**MISSISSIPPI, STATE OF MISSISSIPPI, AND**
**JOHN McADAMS, IN HIS OFFICIAL**
**CAPACITY AS CHANCERY CLERK OF**
**HARRISON COUNTY, MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2023 |
| TRIAL JUDGE: | HON. MARGARET ALFONSO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JOHN ANDREW HAMMOND MATTHEW LIENHARD SCHLOEGEL |
| ATTORNEYS FOR APPELLEES: | LEWIE G. "SKIP" NEGROTTO IV PATRICK TAYLOR GUILD |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART- 02/13/2025 |
| MOTION FOR REHEARING FILED: | |

       **EN BANC.**

       **EMFINGER, J., FOR THE COURT:**

¶1.    The Chancery Court of Harrison County, Mississippi, found that Elizabeth Cleveland

had standing to challenge a tax sale and Forfeited Tax Land Patents in which the State

conveyed certain real property to Jermille Johnson. Further, the chancery court found that the

proper parties had not been given notice of the period of redemption, and, therefore, the tax

sale was void. As a result, the chancery court ordered that the Forfeited Tax Land Patents be canceled and the subject property be struck back to the county. Because we find that Cleveland did not have standing to challenge the Forfeited Tax Land Patents and because the land patents were set aside without the benefit of an evidentiary hearing, we reverse and remand this matter to the chancery court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. On August 28, 2017, the land at issue was titled in the name of Raymond W. Hill and was sold to the State of Mississippi for unpaid 2016 taxes.[1] Pursuant to the authority contained in Mississippi Code Annotated section 29-1-1 et seq. (Rev. 2020), on April 27, 2021, the State of Mississippi conveyed, by Forfeited Tax Land Patents, to Jermille Johnson, the land described as follows:

> DR: 1324/0503 01/17/1996 - Lots 5-16 INC BLK 47 & 10' ALLEY LYING
> W OF SAID LOTS NOW VACATED PECAN GROVE ADD
> Section 18
> Parcel No.: 0709E-01-030.000 PPIN: 90842
> Harrison County, First Judicial District, Mississippi

Later, on October 6, 2021, the State of Mississippi conveyed, by Forfeited Tax Land Patents, to Jermille Johnson the land described as follows:

> DR: 1324/0503 01/17/1996 - LOTS 1-3 INC BLK 47 PECAN GROVE ADD
> SEC 18-7-11

---

[1] At a tax sale, if no person bids on the property, the tax collector is required to "strike it off to the state." *See* Miss. Code Ann. § 27-41-59(1) (Rev. 2022). The tax collector sends the chancery clerk a list of all lands struck off to the State. *See* Miss. Code Ann. § 27-41-79 (Rev. 2022). After the two-year period of redemption set forth in Mississippi Code Annotated section 27-45-3 (Rev. 2022) has expired, the chancery clerk sends the Secretary of State a certified list of all lands struck off to the State that were not redeemed within the two-year period. *See* Miss. Code Ann. § 27-45-21 (Rev. 2022).

Section 18, Township 78, Range 11W
Parcel No.: 0709E-01-031.000 PPIN: 53182
Harrison County, First Judicial District, Mississippi

¶3. About one month before that conveyance, on September 8, 2021, Elizabeth Cleveland, by and through her son and attorney-in-fact Lamar Cleveland, had filed a complaint against multiple defendants seeking to void the August 2017 tax sale, set aside the Forfeited Tax Land Patents, establish her ownership of the land at issue by adverse possession, and remove all clouds upon her title to the land. In this complaint, Cleveland alleged that she became the owner of the subject property by what she called "*mensa* conveyances."[2] In any event, Cleveland asked the chancery court to declare her to be the owner of the subject property by adverse possession, to declare the tax sale void, to set aside the Forfeited Tax Land Patents, and for other relief.

¶4. On October 12, 2021, Johnson filed his answer to Cleveland's complaint and a counterclaim seeking to confirm and quiet his title to the subject property based upon the Forfeited Tax Land Patents from the State. He asked the chancery court to find that the tax sale was valid and that he be granted full and complete title to the subject property. A response to Cleveland's complaint was also filed by Harrison County, Mississippi, in which it expressed no objection to the relief Cleveland sought but denied any wrongdoing. Additionally, the City of Gulfport filed a motion to dismiss the City because the subject

---

[2] A "mesne conveyance" as defined by Black's Law Dictionary is "an intermediate conveyance; one occupying an intermediate position in a chain of title between the first grantee and the present holder." *Mesne conveyance*, Black's Law Dictionary 422 (12th ed. 2024). Cleveland did not produce any deed where any of the land at issue was conveyed to her.

3

property was not within the city limits, and an agreed order was entered dismissing the City as a party. The State filed an answer to Cleveland's complaint and noted that the chancery clerk should be included as a defendant to Cleveland's complaint. Cleveland made an *ore tenus* motion to amend her complaint to add the chancery clerk as a party, and an agreed order was entered granting the motion. However, no amended complaint was included in the record on appeal.

¶5.     The chancery clerk filed a one-paragraph unsworn response to Cleveland's complaint, which stated:

> The law does not favor tax sales. Due to an error in mapping, the home/property located on the subject property that was sold at the subject tax sale was placed on a different parcel. Due to this error, the home owner was not given any requisite notice of the tax sale on the subject property, thereby, voiding the subject tax sale.

This response does not disclose how the chancery clerk came to these conclusions. The tax assessor is responsible for mapping and properly assessing the real property in the county. *See* Miss. Code Ann. § 27-35-81 (Rev. 2022).

¶6.     Cleveland also filed an answer to Johnson's counterclaim in which she denied that he was entitled to the relief sought. The trial for Cleveland's complaint and Johnson's counterclaim was set for August 15, 2022. The parties appeared on that date, and the court heard the arguments of counsel; but no witnesses were called to testify, and no physical evidence was admitted. Instead, at the conclusion of the oral arguments, the court instructed the parties to submit proposed findings of fact and conclusions of law, which Johnson filed on August 29, 2022, and Cleveland filed on August 31, 2022.

¶7. The chancery court entered its "Findings of Fact, Conclusions of Law and Judgment" on March 22, 2023. The court ruled that Cleveland had standing to challenge the validity of the tax sale. The court further found that proper notice had not been provided to the record title holder, Raymond Hill, or Cleveland. As a result, the chancery court declared the tax sale void and ordered the State to cancel the Forfeited Tax Land Patents.

¶8. On March 30, 2023, Johnson filed a "Rule 59 Motion to Open Judgment, Amend Findings of Fact, and Amend Judgment, and Rule 60(B)(6) Motion for Relief from Judgment." On April 11, 2023, Cleveland filed her response to the motion. Johnson filed a reply on May 30, 2023. The court conducted a hearing on the motion on July 31, 2023, and entered an order denying Johnson's motion on August 24, 2023. Johnson appealed.

**ANALYSIS**

¶9. Johnson raises two issues on appeal, both of which contest Cleveland's standing to challenge the validity of the tax sale that ultimately resulted in the Forfeited Tax Land Patents issued to him by the State. We will address these issues separately below. The standard of review we use to address issues of standing is de novo. *See Araujo v. Bryant*, 283 So. 3d 73, 76 (¶8) (Miss. 2019).

    **I.**     **Whether Cleveland lacked standing because the 2017 tax sale cut off her adverse possession claim.**

¶10. First, Cleveland had the burden to prove that she had standing to challenge the tax sale. In *Jackson Public School District v. Jackson Federation of Teachers and PSRPS*, 372 So. 3d 997, 1001 (¶10) (Miss. 2023), the supreme court described the burden to show a party had standing to file her complaint:

We follow "the traditional articulation of 'adverse impact' to describe when a party can assert standing to bring a suit[.]" [*Butler v. Watson (In re Initiative Measure No. 65)*, 338 So. 3d 599, 605 (Miss. 2021)] (internal quotation marks omitted) (quoting *Reeves v. Gunn*, 307 So. 3d 436, 439 (Miss. 2020)). We have described our general law on standing as follows:

> [D]ifferent standing requirements are accorded to different areas of the law, and an individual's legal interest or entitlement to assert a claim against a defendant must be grounded in some legal right recognized by law, whether by statute or by common law. Quite simply, the issue adjudicated in a standing case is whether the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or whether a party plaintiff in an action for legal relief can show in himself **a present, existent actionable title or interest and demonstrate that this right was complete at the time of the institution of the action.** "Such is the general rule."

*Id.* (citations omitted) (quoting *City of Picayune* [*v. S. Reg'l Corp.*], 916 So. 2d [510], 526 [(Miss. 2005)]).

(Footnote omitted) (emphasis added). In the present case, Cleveland claimed in her pleadings that she acquired ownership of the land at issue by adverse possession after having lived on the land for decades. However, there was no trial in this matter, and no testimony was taken to support Cleveland's claim. In fact, the chancellor specifically did not rule on her claim of adverse possession.

¶11.    Even if she proved her claim of adverse possession, though, her claim was negated by the tax sale. In *Massey v. Lewis*, 21 So. 3d 644, 648 (¶12) (Miss. Ct. App. 2008), this Court made a clear point:

> As previously stated, it is undisputed that the Masseys had a matured and ripened adverse possession claim to the hatched area prior to the 1992 tax sale, as they had openly maintained ownership of the property for more than fifty years. However, **regardless of the extent and quality of the Masseys' adverse possession, they relinquished their claim when they allowed the**

**hatched area to be sold at the tax sale as part of the Washingtons' property.** *Winstead v. Winstead*, 204 Miss. 787, 789-90, 38 So. 2d 118, 119 (1948).

(Emphasis added). Here, Cleveland "relinquished" any alleged adverse possession claim to the land in 2017 by allowing it to be sold for taxes.

¶12.    Additionally, after the land was sold for taxes, Cleveland did nothing to redeem the property within the two-year period provided in section 27-45-3. Similarly, in *HL&C Marion LLC v. DIMA Homes Inc.*, 364 So. 3d 616, 619-20 (¶15) (Miss. 2022), *rev'g* 344 So. 3d 279 (Miss. Ct. App. 2021), a judgment creditor held an interest in land sold for taxes but failed to redeem within the two-year statutory period. In that case, the supreme court reasoned:

> DIMA contends that its right to redeem lacks value if it is not entitled to notice. But, as recognized in a dissent to the Court of Appeals decision,
>
> > DIMA, however, had the responsibility to protect its own interests. It had the responsibility to know the law, search the public records, at least annually, to make sure the taxes were paid, and if not, pay the taxes or, if sold for taxes, to redeem the property within the statutory two-year period. Any harm suffered by DIMA Homes in this case was a result of its own inaction.
>
> *HL&C Marion*, 344 So. 3d at 289 (Emfinger, J., dissenting). Here, DIMA held the responsibility as an interested party to check public records to ensure its rights remained protected. It did not.

Cleveland had the same responsibility to check the county records to make sure the taxes were paid on the property and to redeem the property within two years if it was sold for taxes in order to protect her interest, if any. In *Hoskins v. Howard*, 214 Miss. 481, 497, 59 So. 2d 263, 269 (1952), the supreme court held:

> In law courts it is similar to the equitable maxim 'Equity aids the vigilant and

not those who slumber on their rights.' It is a familiar rule that ignorance of the law excuses no one, or that every person is charged with knowledge of the law.

Because Cleveland did not redeem the land within the two-year redemption period, she lost any claim she had to the land by adverse possession. Therefore, at the time she filed her complaint, Cleveland did not have a "present, existent actionable title or interest" in the subject real property. *See Jackson Pub. Sch. Dist.*, 372 So. 3d at 1001 (¶10) (quoting *Butler*, 338 So. 3d at 605 (¶14)). Accordingly, she did not have standing to challenge a lack of notice to the record title owners. We find the chancery court erred by finding that Cleveland had standing in this matter as a result of her potential adverse possession claim.

## II. Whether Cleveland lacked standing because section 29-1-21 denies standing to prior owners after the property has been sold to the State for unpaid taxes.

¶13. Mississippi Code Annotated section 29-1-21 (Rev. 2020), provides in part:

> The courts shall not recognize claims by the original owner, his heirs or assigns after unredeemed lands are sold to the state for taxes and received by the Secretary of State's office or conveyed to a state agency, county, municipality or other political subdivision.

Section 29-1-23 (Rev. 2020) states:

> Wherever the words "original owner" appear in this chapter, they shall be construed to mean the owner of the title on date of sale of land for taxes.

Since Hill, the record title owner, would not have standing to challenge a lack of statutory notice of the redemption period after the land had been struck off to the State, it follows that Cleveland would have no standing to do so either. Therefore, the chancery court erred by ruling that Cleveland had standing to file her complaint under the authority of section 29-1-

8

21 as well.[3]

### III. Whether the chancery court erred by declaring the tax sale void and ordering that the Forfeited Tax Land Patents be canceled.

¶14. The chancery court's rulings concerning the tax sale were based upon facts that did not come from sworn pleadings, sworn testimony, or sworn affidavits. There is no proof in the record that taxes were paid on the tract of land conveyed to Johnson by the State. While the unsworn pleadings indicate that a mistake had been made in the assessment of the property, there is no sworn testimony to describe the nature of the mistake or to describe the impact any such mistake would have on the tax sale. Accordingly, we further find that there is insufficient evidence in the record to support the chancellor's finding that the tax sale in the present case is void.[4]

## CONCLUSION

¶15. After reviewing the record, we reverse and render the chancellor's finding that Cleveland had standing to challenge the validity of the tax sale. We also reverse the

---

[3] There is a procedure set forth in section 29-1-25 (Rev. 2020) where lands struck off to the State may be recovered where it can be shown that the State obtained the land "by some mistake, oversight, or unintentional default." That procedure does not go through chancery court. *Id*.

[4] The chancellor and the dissent rely upon the chancery clerk's response to find that the tax sale is void as a result of a mapping error and for failure to give proper notice to an unidentified homeowner. The chancery clerk's response is unsworn, contains hearsay, and is not evidence. The dissent relies upon Mississippi Rule of Civil Procedure 8(d) to contend that Johnson has admitted the statement to be true because he did not deny the statement made by the clerk in a responsive pleading. However, Rule 8(d) is not applicable here because Johnson was not required to file a responsive pleading to the clerk's response. The dissent then argues that "judicial admissions" are binding "on the party making them." In this instance, that would be the chancery clerk, not Johnson.

9

chancellor's ruling declaring the tax sale void and ordering that the Forfeited Tax Land Patents be canceled. We remand the matter to the chancery court for a "plenary" evidentiary hearing on Johnson's counterclaim to quiet title pursuant to section 11-17-3 (Rev. 2019).

¶16. **REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART.**

**CARLTON AND WILSON, P.JJ., McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**WESTBROOKS, J., DISSENTING:**

¶17. The majority posits that "there was no trial in this matter, and no testimony was taken to support Cleveland's claim" of adverse possession and that "[e]ven if [Cleveland] proved her claim of adverse possession, though, her claim was negated by the tax sale." Because the tax sale was deemed void ab initio, I would affirm the chancery court's rulings. Accordingly, I must dissent.

¶18. Mississippi Code Annotated section 27-43-3 (Rev. 2022) "requires redemption notice to be given by personal service, by mail, and by publication in an appropriate newspaper." *City of Horn Lake v. Sass Muni-V LLC*, 268 So. 3d 514, 517 (¶10) (Miss. 2018) (quoting *DeWeese Nelson Realty Inc. v. Equity Servs. Co.*, 502 So. 2d 310, 312 (Miss. 1986)). Section 27-43-3 also provides: "Should the *clerk* inadvertently fail to send notice as prescribed in this section, then the sale shall be void . . . ." *Id*. (emphasis added). Our supreme court has consistently "interpreted [s]ection 27-43-3 to mean that failure to comply strictly with the notice requirements renders the purchaser's tax deed void, with no legal effect, and not simply voidable." *Id*. at 518 (¶13); *see Hart v. Catoe*, 390 So. 2d 1001, 1003 (Miss. 1980)

10

("Essential mandates of the statute were not followed and the failure so to do renders the tax deed to appellant void.").

¶19. In Mississippi, if the tax sale fails to comply fully with the statutory notice requirements, a tax sale is rendered not just void but "*void ab initio*." *Id*. "A transaction that is 'void ab initio' is null and void from its inception, and as a matter of law it is as if the transaction never even happened." *Rebuild Am. Inc. v. Drew*, 281 So. 3d 92, 100-01 (¶29) (Miss. Ct. App. 2019). Thus, "[w]hen the owner fails to receive proper notice of a tax sale, the result is that 'the parties are left where they [would have been]' if the sale had not taken place." *Cleveland v. Deutche Bank Nat'l Tr. Co.*, 207 So. 3d 710, 717 (¶26) (Miss. Ct. App. 2016) (quoting *Hammett v. Johnson*, 624 So. 2d 58, 60 (Miss. 1993)).

¶20. The majority believes that because Cleveland did not redeem the land after the tax sale within the two-year redemption period, her claim of adverse possession failed, causing her to not have standing to challenge a lack of notice due to the absence of a "present, existent actionable title or interest." In a previous case before this Court, a defendant argued "that under the plain language of section 27-43-1, only the owner of record title as of 180 days prior to the expiration of the redemption period is entitled to notice." *Tofino Holdings LLC v. Donnell & Sons LLC*, 119 So. 3d 358, 361 (¶12) (Miss. Ct. App. 2012). In that case, we decided not to address that issue for two reasons. For the first issue, and the only one relevant to the case sub judice, we found that there was "no record of Phillips being personally served by the Sheriff of Marion County between March 25, 2007, and July 25, 2007, as required by sections 27-43-1 and 27-43-3." *Id*. at 361 (¶12). Mississippi Code

11

Annotated section 27-43-1 (Rev. 2022) states:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or to the state, be required to issue notice to the record owner of the land sold as of one hundred eighty (180) days prior to the expiration of the time of redemption[.]

Redemption notice must be given in accordance with the procedures set forth in section 27-43-3. We continued in *Tofino*, "[E]ven if Phillips were the record owner on the 180th day (March 25, 2007) prior to the expiration of the period of redemption, service on Phillips did not comport with the requirements of sections 27-43-1 and 27-43-3." *Id*. at 361 (¶12). We held that "[b]ecause the chancery clerk failed to fully comply with the redemption notice requirements of sections 27-43-1 and 27-43-3, the chancery court did not err in setting aside the tax sale as void." *Id*. at 361 (¶13).

¶21. In the current case, the mapping error resulted in an error with the property, not the party. On August 10, 2022, the Harrison County Chancery Court Clerk, through counsel, filed a single-paragraph response to Cleveland's complaint, admitting that "[t]he law does not favor tax sales. *Due to an error in mapping . . . the subject property* that was sold at the subject tax sale was placed on a different parcel. Due to this error, the home owner was not given any requisite notice of the tax sale on the subject property, thereby, voiding the subject tax sale." (Emphasis added).

¶22. Once the Chancery Clerk confessed that due to a mapping error, i.e., the wrong property being identified, the sale was declared *void ab initio*. The chancery court entered its "Findings of Fact, Conclusions of Law and Judgment" on March 22, 2023. The

chancellor comprehensively found that "[i]n considering all of the facts presented, the documentary evidence provided and oral argument by counsel, this [c]ourt finds that the law in Mississippi supports voiding the August 28, 2017 Harrison County, Mississippi ad valorem tax sale for the 2106 [sic] taxes."

¶23.	The majority is correct in stating that the "tax assessor is responsible for mapping and properly assessing the real property in the county"; however, the clerk is charged with providing the proper notice in a tax sale. Miss. Code Ann. §§ 27-43-1 & -3. The Chancery Clerk acted within his capacity as an officer of the court by candidly admitting that an error was made in identifying the correct property for the tax sale, which ultimately made it impossible for Cleveland to receive the requisite statutory notice.

¶24.	Further, Mississippi Rule of Civil Procedure 8(d) states that "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, *are admitted when not denied* in the responsive pleading." (Emphasis added). Our supreme court has stated that "[j]udicial admissions are formal concessions in pleadings or stipulations by a party or counsel that are binding on the party making them." *Elliott v. AmeriGas Propane L.P.*, 249 So. 3d 389, 395 (¶25) (Miss. 2018) (citing *Martinez v. Bally's La. Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)). "While not itself evidence, a judicial admission has the effect of withdrawing a fact from contention." *Id.*

¶25.	As explained above, not only did the Chancery Clerk's action render the tax sale void, it was "void ab initio," which is equivalent to the sale never happening, and the parties involved are left where they would have been had the sale not taken place. Under Rule 8(d),

13

the Chancery Clerk's response to Cleveland's complaint was a sufficient admission that the tax sale was void ab initio. Thus, even if Cleveland's adverse possession claim was cut off by the tax sale, once the sale was rendered void ab initio, the interest in the property reverted back to the condition it was in prior to the sale. The chancery court did not err in ruling this way.

¶26. The majority makes the assertion that Rule 8(d) is inapplicable; however, that is incorrect. Upon order by the chancery court on June 22, 2022, Cleveland amended the complaint to include the Chancery Clerk as "a necessary party." Pursuant to the order, the Chancery Clerk admitted in *his* response to the amended complaint that an error was made. Under Rule 8(d), this admission is binding on the Chancery Clerk. Further, the Chancery Clerk has the ability to make this admission because it was the clerk who was required to provide the statutorily required notice to Cleveland. Yet, due to an error in mapping that had not previously been discovered until this action was brought, no one received the requisite notice. For this reason, the tax sale was void.

¶27. Under Rule 8(d), the Chancery Clerk's response was an admission that the tax sale was void ab initio. Therefore, when the Chancery Clerk, a neutral arm of the court, filed an answer admitting a failure to comply with the statutory mapping and notice requirements, no further sworn statement or evidentiary hearing was required. I would affirm the chancery court's rulings. For these reasons, I respectfully dissent.

**BARNES, C.J, McDONALD AND LAWRENCE, JJ., JOIN THIS OPINION.**

14